UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DESMOND QUICK,

                Plaintiff,

   -v-                                              9:12-CV-1529

TIMOTHY QUINN, Lieutenant, Auburn
Correctional Facility; CHRIS NOVAK,
Correctional Officer, Auburn Correctional
Facility; and JOSEPH BANEY, Correctional
Officer, Auburn Correctional Facility,

                Defendants.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

DESMOND QUICK
Plaintiff, pro se
03-B-1945
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN          HELENA LYNCH, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Defendants
Litigation Bureau
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge

---

   [1] The Clerk is directed to amend the caption consistent with this spelling of defendants' names.

**DECISION and ORDER**

Pro se plaintiff Desmond Quick brought this civil rights action against defendants pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleged that defendant Chris Novak used excessive force against him in violation of the Eighth Amendment to the United States Constitution, and that defendants Timothy Quinn and Joseph Baney failed to intervene in the alleged use of force, also in violation of the Eighth Amendment. These alleged violations occurred during an incident on April 16, 2012, in the Mental Health Unit at Auburn Correctional Facility, where plaintiff was then housed.

On April 21, 2015, a jury rendered a unanimous verdict in favor of defendants on all counts. Judgment was entered in favor of defendants and against plaintiff on April 30, 2015. Plaintiff now moves to set aside the verdict and for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on the basis that an exhibit was improperly admitted into evidence at trial. Defendants opposed, and the motion was taken on its submissions without oral argument.

Rule 59(a) of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Second Circuit has interpreted this standard to permit the granting of new trials when in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice. See Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003).

When a party moves for a new trial on the ground that the court improperly excluded evidence, Rule 59 is read in conjunction with Rule 61. Rule 61 provides that "[u]nless justice

requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial . . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.  As a result, "[a]n erroneous evidentiary ruling that does not affect a party's 'substantial right' is . . . harmless . . . . Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case." Tesser v. Bd. of Educ. of Sch. Dist. Of City of N.Y., 370 F.3d 314, 319 (2d Cir. 2004) (internal citations and quotations omitted).

Quick argues that defendants' exhibit 11, the New York State Department of Corrections and Community Supervision Staff Planning Grid for April 7–20, 2012, was admitted into evidence at trial but was never produced by defendants during discovery.  Moreover, he argues that despite requesting so, his counsel failed to object to the admission of the document at trial.  Exhibit 11 indicates Novak's work assignment on April 16, 2012, the date of the incident in question.  Specifically, it showed that Novak was not at the scene of the incident alleged by plaintiff to have occurred on that date. Quick contends that the jury's verdict in defendants' favor was based solely on where Novak was on the date in question, that is, it was based solely on the improperly admitted exhibit 11.

First, exhibit 11 was entered into evidence by stipulation between counsel for the parties.  While plaintiff argues that he attempted to object, and urged his counsel to object to, the introduction of the document during Novak's direct examination, there was no error in its admission because it was already admitted by stipulation.  Even if the admission of exhibit 11 were somehow error, which it was not, Quick cannot prove he is entitled to a new trial because he cannot show the jury would have reached a different result in the absence of

exhibit 11. <u>Leo v. Long Island R.R.</u>, No. 13cv7191, 2015 WL 1958906, at *5 (S.D.N.Y. Apr. 30, 2015) ("Among those traditional grounds for a new trial are errors in the admission or exclusion of evidence, although such relief is not to be granted unless the movant demonstrates that the error was not harmless, that is, '[that] it is likely that in some material respect the factfinder's judgment was swayed by the error.'" (quoting <u>Tesser</u>, 370 F.3d at 318–21 (internal quotations and citations omitted)). As defendants point out, there was other documentary evidence in addition to exhibit 11 which established that Novak was not at the scene of the incident. <u>See, e.g.</u>, Defendants' Exhibit 15 (containing memoranda from all officers who responded on April 16, 2012). The testimony of the defendants, as well as testimony of witness Sergeant Craig Kimak, the sergeant in charge of the team of four officers who responded to the incident, also established that Novak was not near the scene of the incident on April 16, 2012. Plaintiff cannot show that the jury would have reached a different verdict if exhibit 11 were not admitted into evidence. Accordingly, plaintiff's motion for a new trial will be denied.

Therefore, it is

ORDERED that

Plaintiff Desmond Quick's motion for a new trial is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 20, 2015
      Utica, New York.